**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGIJANA M. BALUGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-5000 |
| | ) | |
| ALDEN MANAGEMENT SERVICES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, GEORGIJANA M. BALUGO, filing Pro Se, states as and for her Complaint against Defendant, ALDEN MANAGEMENT SERVICES, INC., as follows:

**Nature of Case**

1. Plaintiff brings this action against Defendant for injunctive relief and to recover damages proximately caused by Defendant's illegal discrimination and failure to accommodate in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12101 *et seq*. (the "ADA"), and illegal retaliatory failure to recall her back to work in violation of Illinois common law and clearly mandated public policy as embodied in the Illinois Worker's Compensation Act, 820 ILCS § 305/1 *et seq.* (the "IWCA").

**Jurisdiction and Venue**

2. This Court has original jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331, 1337, and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's state law retaliation claim pursuant to 28 U.S.C. 1367(a).

4. Venue is proper in this Court in that Defendant' illegal acts complained of herein took

place within the geographical boundaries of this Court's jurisdiction.

5. On August 1, 2020, Plaintiff timely filed a charge of disability discrimination, including failure to accommodate her disability against Defendant with the local district office of the EEOC.

6. On June 16, 2022, the EEOC issued a Notice of Right to Sue in connection with Plaintiff's charge.

7. This complaint has been filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notice.

**The Parties**

8. Plaintiff, GEORGIJANA M. BALUGO (hereafter "Georgijana"), is an individual residing within the jurisdictional boundaries of this Court.

9. Defendant, ALDEN MANAGEMENT SERVICES, INC. (hereafter "Alden"), is a corporation registered and licensed to do business in Illinois, and at all times relevant to the allegations herein, conducting a significant business in Des Plaines, Illinois, within the geographical boundaries of this Court, Illinois, where its illegal activities described below took place.

10. At all relevant times, Alden employed in excess of 500 employees at its Des Plaines, Illinois, facility and was thus an employer and covered entity as defined under the ADA.

**Relevant Facts Common to all Counts**

11. Georgijana started her employment with Alden in December 2019 as a licensed Practical Nurse.

12. Georgijana's job performance at all relevant times met or exceeded Alden's legitimate expectations.

13. Georgijana was the only black employee of Defendant.

14. Georgijana was the only nurse who was not given keys to the bathroom.

15. As a result, Georgijana would have to ask a fellow nurse for their keys every time she had to use the bathroom.

16. Georgijana's co-workers would often tell her that they were too busy to open the bathroom door for her, or in the alternative made her wait for several minutes before they opened the bathroom for her.

17. On or about May 19, 2020, Georgijana made a formal complaint to facility Administrator Joe Rusinak about the problem of not having keys of her own.

18. Immediately after receiving her complaint, Defendant began to target Georgijana.

19. On or about May 26, 2020, Defendant disciplined Georgijana for a violation of Rule #36 failure to follow work rules.

20. The discipline was pretext and Defendant did conduct a fair investigation in the case and violated its own department rules and policies.

21. In the aftermath of the George Floyd incident, Georgijana's co-workers began making racial comments directly toward her.

22. Georgijana's co-worker Lettie, while at work for Defendant, asked Plaintiff, "Why are you guys calm in the daytime and then when night falls you guys loot and steal? told her, unsolicited that black people kneeling during the National Anthem was disrespectful.

23. Georgijana's co-workers, while at work for Defendant, asked Georgijana why black people got so many abortions.

24. Georgijana's co-workers, while at work for Defendant, asked Georgijana why she didn't act more Filipino.

25. Georgijana was offended by these comments and complained to her supervisor Joe

Rusinak about the harassing behavior.

26. On May 26, 2020, Georgijana's doctor wrote to Barbara Self, Director of Nursing for Defendant, and informed her that refusing to provide Georgijana keys to the staff restroom was causing Georgijana great distress and pain.

27. In June of 2020, Defendant removed Georgijana from the schedule for the next six (6) months, she was denied vacation pay during the COVID emergency.

28. Despite not scheduling her for work, Defendant continued to list Georgijana as a full-time employee so that she would be unable to obtain government subsidized assistance.

29. Georgijana filed complaints about her being denied work and improper classification of her work status.

30. Defendant ignored all of the complaints.

31. After getting no relief from Defendant, Georgijana filed a charge of discrimination with the Illinois Department of Human Rights (IDHR) on or about July 2020, Exhibit A

32. In October of 2022, Defendant offered Georgijana $5,000.00 to remove her complaint with IDHR.

33. Georgijana rejected the offer.

34. On June 16, 2022, Georgijana was given Notice of her Right to Sue from the IDHR. Exhibit B.

**COUNT I**
**DISCRIMINATION ON THE BASIS OF RACE IN**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

35. Plaintiff re-allege and incorporate by reference the allegations set forth in paragraphs 1-34 above.

36. Defendant has committed an unlawful employment practice by subjecting Plaintiff to

a hostile work environment in which they were subjected to ongoing intimidation, disproportionate assignments, disciplinary actions, racial intimidation, promotion and other terms and conditions of employment because of their race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

37. Defendant conduct has been intentional, deliberate, willful and conducted with disregard of the rights of Plaintiff.

38. Defendant knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

39. The conduct of the Defendant occurred over a year constituting a continuing course of discrimination towards Plaintiff.

40. By reason of Defendant's discriminatory employment practices, the Plaintiff has suffered severe and substantial damages. These damages include lost career opportunities, litigation expenses including attorneys' fees, loss of reputation, humiliation, embarrassment, mental and emotional anguish and distress and other compensatory and punitive damages and, as such, are entitled to all legal and equitable remedies available under Section 1981.

**COUNT II**
**IDHR – 775 ILCS 5/1-101 et. seq.**
**Racial Discrimination and Hostile Work Environment**

41. Plaintiff re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 40 above.

42. Defendant committed an unlawful employment practice by subjecting Plaintiff to a hostile work environment in which they were subjected to ongoing intimidation, ridicule, disproportionate disciplinary actions, insults based upon their race and disproportionate duty assignments based upon their race.

43. Defendant knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

44. Defendant's failure to take prompt, effective remedial action after being placed on notice by Plaintiff did not discourage or stop the harassment or unlawful conduct.

45. Based on these actions, Defendant violated the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-102.

46. As a direct and proximate result of Defendant's violations of IDHR, Plaintiff has suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**COUNT III**
**Title VII of the Civil Rights Act of 1964, *as amended* 42 U.S.C. §2000e-2(a)**
**Racial Discrimination and Hostile Work Environment**

47. Plaintiff re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 46 above.

48. As described in the preceding paragraphs, the Defendant committed an unlawful employment practice by subjecting Plaintiff to racial discrimination and a hostile work environment by subjecting them to ongoing intimidation, ridicule, disproportionate disciplinary actions, insults based upon their race and disproportionate duty assignments based upon their race.

49. Defendant knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

50. Defendant failure to take prompt, effective remedial action after being placed on notice by Plaintiff, did not discourage or stop the harassment or unlawful conduct.

51. The conduct of Defendant occurred over several years constituting a continuing course of discrimination towards Plaintiff.

52. Defendant acted intentionally and with callous disregard for Plaintiff clearly established constitutional rights.

53. As a direct and proximate cause of Defendant's violation of Title VII, Plaintiff suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

**COUNT IV**
**IDHR – 775 ILCS 5/1-101 et. seq.**
**<u>Retaliation</u>**

54. Plaintiff re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 53 above.

55. Plaintiff engaged in or were engaging in activity protected under the IDHR that is filing internal complaints, grievances, memorandums and incident reports.

56. Defendant subjected Plaintiff to adverse employment actions including failure to provide Plaintiff a safe working environment.

57. Plaintiff was subjected to the adverse employment actions because of their participation in filing internal complaints, grievances, memorandums and incident reports that drew attention to various violations within Defendant' control.

58. Defendant's adverse employment actions directed against Plaintiff would not have occurred but for Plaintiff filing of internal complaints, grievances, memorandums and incident reports.

59. As a direct and proximate results of Defendant's violation of the IDHR, Plaintiff suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## Prayer for Relief (as to all Counts)

**WHEREFORE**, Plaintiff, GEORGIJANA M. BALUGO, respectfully requests that this Court enter judgment in her favor and against Defendant, ALDEN MANAGEMENT SERVICES, INC., as follows:

A. Order ALDEN to make GEORGIJANA whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order ALDEN to immediately recall GEORGIJANA to work in her former position with reasonable accommodations, or in another suitable position consistent with any medical restrictions she may have; or, in the alternative, order ALDEN to pay GEORGIJANA an appropriate amount of front pay;

C. Order ALDEN to pay GEORGIJANA compensatory damages in the maximum amount allowable under the law;

D. Order ALDEN to pay GEORGIJANA punitive damages in the maximum amount allowable under the law;

E. Order ALDEN to pay GEORGIJANA's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F. Try all issues of fact to a jury; and,

G. Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, GEORGIJANA M. BALUGO,

By: ID tFDtZSMsDkx5Mi6qiCEwaEQv

Georgijana M. Balugo
*Pro Se*
336 Greenwood Rd
Glenview, IL 60025
(847) 834-1750
msgbalugo@gmail.com